DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Bradley Scott, et al., ) | |
| ) | CASE NO. 5:05 CV 2567 |
| Plaintiff(s), ) | |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| Sterling & King, Inc., et al., ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

Before the Court is defendants' motion to set aside the entry of default, supported by an affidavit (Doc. Nos. 12, 14), plaintiff's opposition (Doc. No. 15) and defendants' reply (Doc. No. 18). For the reasons set forth below, the motion is granted.

**BACKGROUND**

On November 2, 2005, plaintiffs Bradley Scott and Rhonda Caldwell filed their complaint against Sterling & King, Inc. and four individuals challenging alleged unfair and deceptive debt collection practices and seeking statutory remedies under both federal and state law. The plaintiffs were granted leave to proceed in forma pauperis.

On February 27, 2006, default was entered against all of the defendants, each of whom had been served by regular mail after certified mail service had failed. All defendants failed to answer or otherwise plead. Plaintiffs subsequently filed a motion for default judgment and this Court set a hearing date of April 25, 2006.[1]

---

[1] In United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 844 (6th Cir. 1983), the court set forth "[t]he sequence of procedural steps required of one seeking judgment (continued...)

(5:05 CV 2567)

On April 12, 2006, the defendants filed the instant motion to set aside the entry of default.[2] They argued that "due to a clerical error, they were unaware of this action until they received the order of default." They subsequently submitted the affidavit of an employee of Sterling & King, Inc. who attested that, on January 12, 2006 when the summons and complaint were received in the mailroom, she mistakenly failed to forward them to the proper persons in the organization, due to the fact that she was newly assigned the task of handling incoming mail and did not understand her responsibilities.[3]  (See Doc. No. 14).

Plaintiffs oppose setting aside the default, arguing that it is not believable that five sets of certified mail documents sent to the five defendants were all ignored, whereas one notice of the default hearing received from this Court was not ignored.  Plaintiffs claim that the employee who

---

[1] (...continued)
by default" as follows:
> The procedural steps contemplated by the Federal Rules of Civil Procedure following a defendant's failure to plead or defend as required by the Rules begin with the entry of a default by the clerk upon a plaintiff's request. Rule 55(a).  Then, pursuant to Rule 55(c), the defendant has an opportunity to seek to have the default set aside.  If that motion is not made or is unsuccessful, and if no hearing is needed to ascertain damages, judgment by default may be entered by the court or, if the defendant has not appeared, by the clerk.  Rule 55(b).  Finally, Rule 55(c) authorizes a motion to set aside a default judgment pursuant to Rule 60(b).  See generally 10 C. Wright & A. Miller, Federal Practice and Procedure: Civil §§ 2681-2700 (1973).

This procedure was followed in the instant action to enter and note the default.  To date, there is no actual default judgment.

[2] As a result of the motion, the Court cancelled the hearing and set a briefing schedule for the motion.

[3] The Court notes again that service was made by ordinary mail after the attempt to serve all five defendants by certified mail failed when the certified mail was never claimed and was returned to the plaintiffs' counsel.

2

(5:05 CV 2567)

supposedly made the clerical error remains unnamed and, further, that defendants have submitted no evidentiary material in support of their claim of clerical error.  Obviously, this is not so in view of the Affidavit of Sugeily Gonzalez filed by the defendants.[4]  Plaintiffs also argue that they will be prejudiced if the default is set aside.

## DISCUSSION

Fed. R. Civ. P. 55(c) provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."  The rule distinguishes between an *entry* of default and a *judgment* of default.  In this case, there is only an entry of default.  (See Doc. No. 10).

To set aside an *entry* of default, there must be "good cause."  Three equitable factors are considered in determining whether good cause has been shown:  "(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced."  Burrell v. Henderson, 434 F.3d 826, 831-32 (6th Cir. 2006) (quoting Waifersong, Ltd. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir.1992), citing United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 845(6th Cir.1983)).  Where the issue is whether to set aside an *entry* of default, balancing the three equitable factors is required.[5]

---

[4]  The Affidavit (Doc. No. 14) was filed at 4:42 p.m. on April 25, 2006.  Plaintiffs' opposition brief was filed at 5:04 p.m. on the same day.  It is likely that plaintiffs' counsel had not yet seen the Affidavit and was unaware that it had been filed, even though it was filed electronically.

[5]  In contrast, where a default *judgment* is sought to be set aside, lack of culpability on the part of the defendant must be established first before the defendant is allowed to offer proof on
(continued...)

3

(5:05 CV 2567)

The Court concludes that good cause to set aside the entry of default has been shown by the defendants. Although conduct of one of defendant Sterling & King's employees (in the mailroom) probably caused the default, this Court would not characterize that conduct as "culpable." It seems to have been merely a mistake. It is not unbelievable that even ordinary mail from a court would be given more attention than certified mail from a law firm. It is not unbelievable that the person in the mailroom simply made a mistake in handling the regular incoming mail whereby process was eventually served. It is not unbelievable that the notice of default hearing, which had this Court's return address, got more attention from this same mailroom clerk and did manage to find its way to the proper person in the company, even though the summons and complaint did not.

The Court does not accept plaintiffs' argument that they will be prejudiced by matters contained in the motion for default judgment which defendants now have access to. There is nothing in the record to date which defendants could not find out through discovery; therefore, there is no prejudice.

Finally, the defendants, in their answer appended to the motion, deny all of the plaintiffs' allegations and set forth several potential defenses, some of which are meritorious.[6]

---

[5] (...continued)
the other two factors. Berthelsen v. Kane, 907 F.2d 617 (6th Cir. 1990). When an entry of default has ripened into a default judgment, the three equitable factors must be considered, but the Court must also "determine whether the [defaulting party] has met the stricter requirements of Rule 60(b)." Burrell, 434 F.3d at 832 (citing Thompson v. Am. Home Assurance Co., 95 F.3d 429, 433 (6th Cir. 1996)).

[6] The Court will not comment in any depth about the strength of defendants' stated defenses. However, the Court notes that the first affirmative defense, i.e., failure to state a claim
(continued...)

Case: 5:05-cv-02567-DDD  Doc #: 19  Filed:  05/03/06  5 of 5.  PageID #: 141

(5:05 CV 2567)

## CONCLUSION

The Court concludes that good cause has been shown to set aside the entry of default dated February 27, 2006.  Accordingly, default is set aside and the case will proceed as set forth below.

## SUBSEQUENT PROCEEDINGS

Defendants are granted until May 12, 2006 to answer, move or otherwise plead in response to the complaint.[7]  The Court will conduct the Case Management Conference at 12:00 noon on Tuesday, June 6, 2006.  A separate Case Management Conference Scheduling Order containing more detail will issue.

IT IS SO ORDERED.

| | |
|---|---|
| _May 2, 2006_ | _s/ David D. Dowd, Jr._ |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |

---

[6] (...continued) upon which relief can be granted, is strictly a frivolous, boilerplate defense.  Plaintiff asserts a claim under the Federal Fair Debt Collection Practices Act.  That is a legitimate claim upon which relief can be granted if it is proven.  The mere fact that defendants may believe the claim cannot be proven, does not mean that plaintiffs have failed to state a claim.

[7] The present proposed answer appended to the motion will not constitute filing. Defendants must affirmatively file their answer or other pleading.